# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| HIMANSHU PATEL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 1:26-cv-36 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| CHARLES PATEL, *et al.*, | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## <u>MEMORANDUM & ORDER</u>

Before the Court is a motion by Plaintiff Himanshu Patel, who is representing himself, for "emergency, narrowly tailored relief to preserve specifically identifiable sale proceeds pending a prompt hearing." (Doc. 10 at 1.) Plaintiff seeks "limited, expedited Rule 45 discovery to [non-party] Old Republic Title Company on a temporary delayed-notice basis," seeks that a preservation request be sent to Old Republic Title Company, and seeks leave to file an application for prejudgment attachment. (*Id.*) The Court construes this motion as a request for early ex-parte discovery and an injunction under Federal Rules of Civil Procedure 26 and 65.

## I.      <u>BACKGROUND</u>

This case is a dispute on a promissory note. Plaintiff and Defendant Charles Patel entered into a loan agreement which stated Plaintiff would loan Charles Patel $200,000 with 18% annual interest compounded every ninety days. (Doc. 7 ¶ 8.) Repayment on the loan was due October 22, 2024. (*Id.*) The agreement provided for security in the borrower's primary residence, 1916 Ticino Court Pleasanton, California 94566. (*Id.* ¶ 11.)

Plaintiff alleges Defendant Charles Patel failed to repay the loan. (*Id.* ¶ 13.) Plaintiff received a $210,000 repayment check from a joint account listing Charles and Reema Patel as the

owners, but the check was returned for insufficient funds.  (*Id.* ¶ 14.)  Defendants made a partial payment of $25,000.  (*Id.* ¶ 16.)  On August 18, 2025, Defendant Mahendra/Michael Patel emailed Plaintiff promising $200,000 by wire transfer.  (*Id.* ¶ 18.)

In or about October 2025, Defendants sold the Pleasanton, California property that Plaintiff claims functioned as security.  (*Id.* ¶ 19.)  Plaintiff did not receive any repayment from the sale proceeds.  (*Id.*)  Plaintiff filed this lawsuit on February 13, 2026.  (Doc. 1.)  Plaintiff alleges breach of contract, liability on a dishonored check, fraudulent inducement and intentional misrepresentation, promissory estoppel/detrimental reliance, and unjust enrichment.  (Doc. 7 at 4–5.)

No Defendant has been served in this case.  Plaintiff now seeks "temporary ex parte relief only to preserve the status quo until a prompt hearing."  (Doc. 10 ¶ 14.)  Plaintiff seeks what amounts to early discovery as well as leave to file, after receipt of escrow records, a motion for prejudgment attachment or temporary restraining relief.  (*Id.* at 4.)  "Plaintiff seeks narrow, temporary relief focused on preservation of records and specifically identifiable proceeds, and requests leave to seek any bank-directed relief only after tracing is confirmed."  (*Id.* ¶ 11.)

Because courts liberally construe the pleadings of pro-se plaintiffs, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court will broadly construe this as a motion for early discovery under Federal Rule of Civil Procedure 26 and as a motion for a temporary restraining order under Federal Rule of Civil Procedure 65 in which the relief sought is early discovery.[1]

---

[1] The Court does not construe this as a motion seeking a temporary restraining order attempting to freeze assets.  That is because Plaintiff here is not currently seeking pre-judgment asset restraint, but rather is seeking leave to file such a motion.  While courts liberally construe pleadings and motions by pro-se plaintiffs, *see Erickson*, 551 U.S. at 94, courts cannot interpret motions to say the opposite of what they do say.  Plaintiff in this case expressly noted that

2

## II. __DISCUSSION__

### A. __Rule 26 Early Discovery__

Under Rule 26(d)(1), "parties can begin discovery before their Rule 26(f) conference if a district court authorizes them to do so upon a showing of good cause." *N. Atl. Operating Co. v. Ebay Seller Dealz_For_You*, No. 2:17-10964, 2017 U.S. Dist. LEXIS 201492, at *3 (E.D. Mich. Dec. 7, 2017) (citing Fed. R. Civ. P. 26(d)(1)). The burden to show good cause is on the party seeking expedited discovery. *See id.* (citing *Best v. Mobile Streams, Inc.,* No. 1:12-cv-564, 2012 U.S. Dist. LEXIS 170342 (S.D. Ohio Nov. 30, 2012)). This decision lies "within the sound discretion of the trial court and, ultimately, depend[s] on the specific justifications offered in support of the application." *Black River Ent. LLC v. Ewing*, No. 3:24-cv-00488, 2024 U.S. Dist. LEXIS 117060, at *2 (M.D. Tenn. Apr. 19, 2024) (quoting *Valhalla Inv. Props., LLC v. 502, LLC*, No. 3:19-cv-00318, 2020 U.S. Dist. LEXIS 54970, at *5 (M.D. Tenn. Mar. 30, 2020)) (alteration in original). In determining whether good cause exists, the court should consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for the request; (4) the burden to comply; and (5) how far in advance of the typical discovery process the request was made." *Axle Logistics, LLC v. Pascente*, No. 3:25-cv-1-TAV-DCP, 2025 U.S. LEXIS 17789, at *8 (E.D. Tenn. Jan. 31, 2025) (quoting *Arab Am. C.R. League v. Trump*, No. 17-10310, 2017 U.S. Dist. LEXIS 221148 (E.D. Mich. Mar. 31, 2017)).

---

Plaintiff recognizes that federal courts are cautious with pre-judgment asset restraints in actions seeking money damages. Plaintiff therefore seeks narrow, temporary relief focused on preservation of records and specifically identifiable proceeds, and requests leave to seek any bank-directed relief only after tracing is confirmed.

(Doc. 10 ¶ 11.) Therefore, the Court does not interpret this motion (Doc. 10) as seeking pre-judgment asset restraint under Federal Rule of Civil Procedure 65(b).

3

Plaintiff seeks "limited, expedited Rule 45 discovery to Old Republic Title Company on a temporary delayed-notice basis" and asks that the Court "direct that Old Republic preserve responsive records and not notify Defendants for a short period until the Court can hold a hearing." (Doc. 10 at 1.)  Plaintiff represents that this request is made "to prevent immediate movement of funds while the Court evaluates next steps," and represents that there is a "substantial risk of asset dissipation and cross-border transfer before ordinary notice and service can be completed."  (*Id*. at 1–2)

The Court does not find good cause.  Here, while Plaintiff intends to seek injunctive relief none has been sought.  Additionally, the discovery Plaintiff seeks from Old Republic Title Company is a subpoena and a general request for "responsive records"; such a request is broad and would likely lead to a heavy burden of compliance on Old Republic Title Company.  As to the purpose of the request, there is no evidence in the record that the title company would destroy any records or that such records would even be relevant to a suit on a promissory note.  This discovery would not "substantially contribute to moving the case forward."  *See Barrette Outdoor Living, Inc. v. Does*, No. 1:16-cv-914, 2016 U.S. Dist. LEXIS 52919, at *4 (N.D. Ohio Apr. 20, 2016). This is especially true given that there has been no recorded attempt at service of process.  *Cf. Campbell v. Penn*, No. 3:25-cv-407-TAV-DCP, 2025 U.S. Dist. LEXIS 206108, at *5–6 (E.D. Tenn. Oct. 20, 2025) (allowing early discovery to obtain defendant's last-known contact information and address for the sole reason to effectuate service after a showing that attempts to serve defendant with process had failed).  Therefore, the Court does not find good cause to circumvent the typical discovery rules and permit early discovery.

### B.  Rule 65 Temporary Restraining Order

Because Plaintiff also styles this request as a request for emergency relief, the Court will address Plaintiff's arguments under Federal Rule of Civil Procedure 65(b).  A Court may issue a temporary restraining order without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).  Reasonable notice "consists of information received within a reasonable time to allow the opposing party an opportunity to be heard." *Raymond James & Assocs., Inc. v. Saba*, No. 1:25-cv-10, 2025 U.S. Dist. LEXIS 9264, at *7–8 (S.D. Ohio Jan. 17, 2025).

Plaintiff seeks to proceed ex parte before serving any Defendant.  A district court is justified in proceeding ex parte either "where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found" or "where notice to the defendant would render fruitless further prosecution of the action." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

First, Plaintiff has not demonstrated that notice to the adverse party is impossible or that Defendants are impossible to find.  While Plaintiff says that "Plaintiff has been unable, despite efforts, to confirm the current addresses of Charles Patel and Reema Patel for service" (Doc. 10 ¶ 9), there is no record of those efforts.  And nothing in the docket suggests that Plaintiff has even attempted to serve either Defendant in this case.  Plaintiff obtained the issuance of a summons to Mahendra Patel, but it was not returned executed.  (Doc. 8.)   Plaintiff has not even sought the issuance of summons to Charles or Reema Patel.  There is no evidence in the docket that any

Defendant is evading service, and "proper service under applicable local rules must first be fully attempted before an *ex parte* TRO may proceed." *Rapport v. Chapiro*, No. 1:25-cv-02071-CEF, 2025 U.S. Dist. LEXIS 218706, at \*5–6 (N.D. Ohio Nov. 6, 2025). Because Plaintiff has not attempted to serve two Defendants with process nor shown that service is impossible as to Mahendra Patel, the Court does not find that notice to the adverse party is impossible.

There is also no irreparable injury. Plaintiff represents that this request is made "to prevent immediate movement of funds while the Court evaluates next steps," and represents that there is a "substantial risk of asset dissipation and cross-border transfer before ordinary notice and service can be completed." (Doc. 10 at 1–2.) But Plaintiff has not shown that there is a risk of irreparable harm. This case is about a promissory note; the assets in question are money. Plaintiff may be made whole through an award of money damages should the Court or a jury find that Defendants did default on the personal loan and should the assets be dissipated or transferred. Even if the sale proceeds are at risk of rapid transfer, sale proceeds are fungible and an award of money damages would remedy any harm caused by a transfer of sale proceeds. "It is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Gen. Ret. Sys. v. Onyx Cap. Advisors, LLC.*, No. 10-cv-11941, 2010 U.S. Dist. LEXIS 54990, at \*7 (E.D. Mich. June 3, 2010) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992)).

Plaintiff also requests that he be given "leave to file, on an expedited basis, a targeted application for prejudgment attachment and/or temporary restraining relief." (Doc. 10 at 1.) Plaintiff does not generally need permission from the Court to file a motion, and the Court will address such a motion if and when it is filed with the court. "[I]ssuing a temporary restraining order at this point is putting the cart before the horse." *Go MD USA LLC v. Does*, No. 2:24-cv-2928, 2025 U.S. Dist. LEXIS 65349, at \*4 (W.D. Tenn. Jan. 22, 2025).

6

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for early discovery and

emergency relief (Doc. 10).

**SO ORDERED.**

**ENTER:**

<u>/s/                                          </u>
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**